IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO CARLOS VILLAREAL,   ) <br>    # 2048472,                            ) <br>                     Petitioner,  ) <br> vs.                                          ) <br>                                           ) <br> LORIE DAVIS, Director,          ) <br> Texas Department of Criminal   ) <br> Justice, Correctional Institutions  ) <br> Division,                               ) <br>                    Defendants.  ) | No. 3:19-CV-1828-S-BH <br><br><br><br><br><br><br><br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the habeas petition filed under 28 U.S.C. § 2241 should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and transferred to the United States Court of Appeals for the Fifth Circuit as a successive motion.

**I. BACKGROUND**

On June 23, 2015, in the Abilene Division of the Northern District of Texas, Roberto Carlos Villarreal (Petitioner), pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*See* docs. 52-54, 57, 58.)[2] He was sentenced to 132 months' imprisonment by judgment entered on November 5, 2015. (*See* doc. 109.) The judgment stated that his federal sentence was "to run consecutive to any sentence imposed in Case No. 26345-A 42nd District Court, Taylor County, Texas, Case No. 23386, 91st District Court, Eastland County, Texas and Case No. 11241, 259th District Court, Jones

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, No. 1:15-CR-25-P (2).

County, Texas." (*See id.* at 2.)[3] Petitioner did not appeal.

On February 6, 2017, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*See* doc. 151.) A new habeas case was opened, and the motion was dismissed with prejudice as untimely on September 27, 2017. (*See* No. 1:17-CV-14-O, docs. 1, 8, 9.)

On August 17, 2018, Petitioner filed a motion in the underlying criminal case seeking to be transferred from state custody into federal custody, and he subsequently filed a *Motion Nunc Pro Tunc* on September 14, 2018. (*See* docs. 154, 155.) The filings were construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, a new habeas case was ordered to be opened, and Petitioner was ordered to file an amended petition on the standard § 2241 form. (*See* doc. 156.) He amended his petition, and the court then issued a questionnaire to obtain more information about his claims. (*See* No. 1:18-CV-156-C, docs. 8, 10.) After Petitioner responded to the questionnaire, the court denied relief for failure to exhaust his administrative remedies. (*See id.*, docs. 13, 16, 17.)

On June 24, 2019, Petitioner's *Motion to Courts to Make State Facility Designated Federal Facility* was received and filed in the underlying criminal case. (*See* doc. 157.) The court construed the filing as a second § 2241 habeas petition, ordered that a new habeas case be opened, and ordered that Petitioner file an amended § 2241 petition on the standard form. (*See* doc. 158.) After Petitioner filed his amended § 2241 petition, it was transferred to the division in which he was incarcerated at the time of filing. (*See* No. 1:19-CV-144-C, docs. 5, 8.)

Petitioner argues that the district court erred at sentencing by "running [his] federal sentence to run consecutive to [his] state charges that were still pending." (*See* 3:19-CV-1828-S-BH, doc.

---

[3] At the sentencing hearing, the district judge stated, "I'm going to order that this sentence run consecutive to those pending charges that you have pending in state court. Those are serious charges, they're not related to this case, so this will run consecutive to whatever you receive there." (*See* 1:15-CR-25-C-BP (2), doc. 159 at 4-5.)

5 at 5.) He claims that "federal courts don't have the authority to impose a federal sentence to run consecutive to a state sentence not yet imposed ... A federal sentence directed to run consecutive to a state sentence not yet imposed infringes upon th e rights of a defendant." (*See id*.) He seeks to have his federal and state sentences run concurrently, and to be transferred to federal custody. (*See id.* at 7.)

## II. NATURE OF SUIT

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)).

> A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir.1978) (per curiam ). A section 2255 motion, by contrast, "provides the primary means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing." *Id*. (internal quotation omitted) . . . A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. (Citations omitted.)

*Pack,* 218 F.3d at 451-52; *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("Section 2241 is the proper procedural vehicle if a prisoner challenges the execution of his sentence rather than the validity of his conviction and sentence.").

Here, by arguing that the district court lacked the authority to impose a federal sentence that would run consecutively to any future state sentence, Petitioner challenges an error that allegedly

3

occurred "at or prior to sentencing." *See id.* He is attacking the validity of his sentence, not the manner in which it is being carried out, or any determination by prison authorities regarding its duration. Although he seeks to have his state and federal sentences run concurrently, he first must demonstrate that the district court's sentence is invalid.

Because Petitioner seeks relief from the judgment in the underlying criminal case, his § 2241 petition is properly construed as a motion under 28 U.S.C. § 2255.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Petitioner previously filed a § 2255 motion. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Petitioner was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary

4

presentation to the district court." *Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner's current § 2255 motion challenges the same conviction as in his prior motion. Because he now raises a claim that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See United States v. Johnson*, 303 F. App'x 241 (5th Cir. Dec. 18, 2008) (affirming a district court's dismissal as a successive writ a motion seeking a reduction of sentence under 18 U.S.C. § 3742 where the movant had already filed a § 2255 motion); *see also In re Williams*, 806 F.3d 322 (5th Cir. 2015) (analyzing a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015) under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider

a successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's § 2255 motion.

## IV. RECOMMENDATION

The petitioner's habeas petition filed under 28 U.S.C. § 2241 should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 15th day of August, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE